Taylor *vs.* Hardin.

Judgment reversed.

---

J. W. TAYLOR, plaintiff in error, *vs.* M. A. HARDIN, defendant in error.

1. In a proceeding to foreclose a mortgage on a note for money lent, the defendant can not set up a claim against the plaintiff for damages growing out of a partnership which existed between them in the sawmill business, either by set-off or recoupment, though part of the money which defendant borrowed of plaintiff was used in the purchase of mules, wagons and provisions, which defendant was to furnish in carrying out his part of the contract of partnership.

2. Recoupment is a right of the defendant to have a deduction from the

amount of plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations, or independent covenants, arising under the *same contract;* and as the note given for borrowed money in this case was a contract *distinct* from the partnership, the doctrine of recoupment does not apply.

Set-off, Recoupment. Tried before J. A. W. JOHNSON, an attorney selected by the parties. Bartow Superior Court. March Term, 1869.

Taylor was foreclosing a mortgage to secure a note made by Hardin to him. Hardin set up, by way of defence, that Taylor had damaged him by his conduct in relation to building a certain saw-mill.

Upon the trial Taylor's counsel objected to such testimony, but the Court overruled the objection. John M. Payne then testified: That in March, 1866, at Nashville, Tennessee, Taylor told him that he and Hardin were going to run a steam-saw-mill in Bartow county, as soon as he (witness) could go down and put it up. Taylor employed witness to go down and put up the machinery, and they went on to Kingston, Georgia, leaving instructions for the machinery to be shipped as soon as possible. *En route* they met one Woodcock, and, in conversation, he learned that they were to be followed by an engine and machinery for a first-class steam-saw-mill. Woodcock took witness into the baggage car, enquired all about the engine and machinery, and then went back and offered Taylor $6,000 00 for the engine and machinery. Taylor declined the offer. Woodcock then offered him $7,000 00, to be paid upon delivery of the engine and machinery at Oxford, Alabama. Taylor told witness that Hardin had deceived him as to his means; that Hardin had no means, but that he was bound, in writing, as to running the mill with Hardin, and knew not how to get rid of him, except by delaying completion of the mill till he could exhaust Hardin; this he wished to do that he might make the sale to Woodcock. In order to do this, Taylor would employ no other workmen (except some common laborers) to assist witness, and would not get a cold-water pump for the engine until all else was

ready, saying that when the machinery was opened he would pretend that he did not know the pump was missing, and gain several weeks by sending back to Nashville for it; and Taylor would not allow witness to make the pully for the pump, saying that he did not wish it made till July, that he did not wish to run the mill till July. When witness quit there, nothing remained to be done but to make said pully, whet the saw, and put on the belt, and the two latter was the business of the sawyer.

HARDIN testified: That he gave the note, on which the mortgage was based, to Taylor, for cash loaned to purchase mules, wagons, forage and provisions, to enable him to carry .out his part of the partnership contract into which he and Taylor had entered as to said steam saw-mill; he expended most of the money in purchasing such things, and by the delay in getting the mill started, the mules consumed a large portion of the corn and hay, and the mules were some time idle, for the same reason, as Hardin was to haul the timber to and the lumber away from the mill; he delivered a large quantity of timber to the mill.

It was admitted that Taylor was a non-resident and insolvent. The Judge charged the jury that they could consider unliquidated damages as set-off, and that if they believed Taylor had damaged Hardin, they should so find. The jury found for Hardin $439 92, the amount of his account and $526 00 damages, with interest on the account from 1st January, 1867, and on his damages from 1st of August, 1866, and for the plaintiff $484 00, with interest and costs of suit. What the record was, and what other testimony was given in, upon which this strange verdict was rendered, did not appear, as the cause came up without a record, and upon the statement of testimony already given.

Taylor's counsel say that the Court erred in admitting Payne's testimony, and in his charge to the jury, and that the verdict is contrary to law.

Taylor *vs.* Hardin.

W. T. WOFFORD, for plaintiff in error, cited Irwin's Code, secs. 2858, 2859, 2861, and Sedg. on Dam., 448, as to set-off and recoupment.

A. JOHNSON, D. A. WALKER, for defendant in error, cited Irwin's Code, secs. 3010, 3018–19, 3185, 2906, 2900, 2902–3–4, as to damages resulting from fraud; secs. 3210, 2217, as to attachment for *torts;* 3026–7 and 3084, as to equitable powers of Courts of Law, and 2858, 2861, as to recoupment.

BROWN, C. J.

1. The bill of exceptions and facts agreed upon as the material parts of the record in this case, show that the partnership transactions between plaintiff and defendant were distinct from the loan of money, to secure which the mortgage was given by Hardin. It is true, he says he expended most of the money which Taylor loaned him for horses, wagons, provisions, etc., to enable him to carry out his part of the partnership agreement. The use to which he applied the money in no way changes the nature of the two contracts, or connects them together as one transaction. If Hardin was bound by the contract of partnership to furnish timber to be sawed at the mill, and to haul it to the mill, and the lumber from the mill to the railroad, and he borrowed money of his partner, which he used in the purchase of mules, wagons, and other necessary supplies, to enable him to carry out his contract with his partner, this loan was as distinct from the partnership as if he had borrowed the money from a third person. The two contracts being distinct, we are of opinion that Hardin could not set up a claim for damages which he alleges were due him by his partner in the partnership business, against plaintiff's claim for borrowed money, by way of set-off or recoupment.

2. It was not seriously contended in the argument that Hardin was entitled to set-off his damages against the note given for the borrowed money. But it was urged by the learned counsel that he was entitled to set up the damages by way of recoupment. We do not so understand the law.

Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross obligations or independent covenants arising under the *same contract.* See Revised Code, section 2858. And it may be pleaded in all actions *ex contractu,* where from any reason the plaintiff under the same contract is in good conscience liable to the defendant. Section 2861.

This was an action *ex contractu* upon a contract *distinct* from the contract of partnership, and the defendant was not entitled by way of recoupment to set up a claim for damages growing out of the partnership business.

Judgment reversed.