CHATMAN *v.* HODNETT, administrator (two cases).

BECK, J.  1. "When a certified copy of a recorded deed is offered in evidence, and is met by the affidavit of forgery provided for in the Civil Code, § 3826, the burden is upon the party offering the deed to show the existence and genuineness of the original, without reference to the fact that it appears to have been recorded. And this is true notwith- standing it appears from the certified copy that the original was more than thirty years old." *Bentley* v. *McCall,* 119 *Ga.* 530.

2. The evidence in the present case offered by the defendant to establish the existence and genuineness of the original deed was not sufficient to authorize a jury to find for him upon that issue, and the court did not err in directing the jury to find a verdict against the defendant upon said issue.

3. It appearing that prior to the bringing of the present suit, upon the trial of an action of ejectment for the recovery of the land now in controversy, there had been a verdict returned and a judgment rendered against the defendant and certain codefendants in favor of this plain- tiff, the record in said action of ejectment (said record consisting of a petition, plea, verdict, and judgment) was admissible in evidence against the present defendant, there being no evidence to sustain the defendant's contention that he was only a nominal party to the last-mentioned proceeding.

4. The defendant having offered an amendment to his plea, setting up two distinct defenses, one being that the judgment in the action of eject- ment referred to "was obtained by fraud of the plaintiff in said case," and the other setting up the contention that he had in good faith erected permanent and valuable improvements upon said land, and praying that he be allowed the value of said improvements in case the plaintiff was entitled to recover, and the court having disallowed that part of the amendment embracing the plea of fraud "in obtaining the judgment aforesaid," an exception to said ruling, assigning error thereon, can not be considered, inasmuch as the amendment is neither embodied in the bill of exceptions nor attached thereto as an exhibit.

5. The foregoing disposes of all the assignments of error in the bill of exceptions which are urged in plaintiff's brief.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided January 17, 1907.

Equitable petition.  Before Judge Freeman.  Heard superior court.  September 19, 1905.

Maria L. Thomasson brought suit against Chatman for certain land.  She died, and Hodnett, her administrator, was substituted as plaintiff.  In her petition she claimed title under a deed made in 1875, and alleged, that in 1892 she instituted an ejectment suit against Chatman and others to recover said land, and, in 1895, obtained judgment in her favor; that in 1897, in pursuance of the

judgment, a writ of possession was issued and she was put in possession of the land; that thereafter Chatman, without lawful authority, broke open the dwelling-house on the premises and put a tenant in possession thereof, and that the tenant remains in possession, claiming title under Chatman. Chatman, in his answer, alleged, that he was merely a nominal party to the former suit, being at the time of that suit only a tenant of the real defendant, and that he was not bound by the judgment therein; that after the determination of that suit he obtained the legal title to the land, and is in possession, through his tenant, under the newly-acquired title. One of the deeds under which he claimed title was described in the abstract of title attached to his answer as a warranty deed from Jane Dunn to James Ogden, dated January 4, 1854, and recorded January 2, 1896. The plaintiff filed an affidavit of forgery to this deed, and, on the trial of the issue thus made, the defendant testified, that the deed was lost; that he obtained it from one Johnson, and, in 1897 or 1898, turned it over to his (defendant's) attorney, and had not seen it since then, though he had made diligent efforts to find it; that it was an old, worn deed, and the clerk had to paste it together before he recorded it; that he had inquired for the witnesses to the deed, and could not find them; he never knew them, never heard of them, and never made much effort to find them, and never knew Jane Dunn, and he knew nothing of their handwriting. There was other testimony showing that diligent search had been made for the deed, and that it could not be found. There was no further material testimony on the issue of forgery. The defendant offered in evidence the official record of the deed, and counsel for plaintiff, while agreeing that it could be used as evidence if a certified copy would be legitimate evidence, objected to it on the ground that a certified copy of the record would not be legitimate evidence, to prove the age of the deed, and that the execution of the deed had not been proved by the subscribing witnesses. The court sustained the objection and refused to admit in evidence the record offered, and directed a verdict for the plaintiff on the issue of forgery.

Evidence was submitted on the other issues; and the court admitted in evidence, over objection, the record of the former suit referred to in the third division of the foregoing decision, counsel for the defendant objecting to it on the grounds that it did not

show that the parties in that suit and in the present suit were the same, and that it did not show that the same title was relied on by the plaintiff in each. The court directed a verdict in favor of the plaintiff for the premises in dispute. The defendant filed two bills of exceptions, one of them assigning as error the rulings on the trial of the issue of forgery, and the other excepting to the other rulings stated.

D. B. Whitaker and W. C. Wright, for plaintiff in error.

Frank S. Loftin and R. D. Jackson, contra.