LOYD *et al. v.* CAMP.

No. 7953.   MARCH 13, 1931.

*M. B. Eubanks,* for plaintiffs in error.   *Nathan Harris,* contra.

RUSSELL, C. J.   As appears from the record, J. E. Camp, W. B. Loyd, W. H. Mitchell, and Kieffer Lindsey were partners in the contracting business.   In the course of personal dealings or in the conduct of the partnership business Camp was the holder of an obligation in which he and the other partners, by promissory note, undertook to pay to J. E. Camp the sum of $3,000, with interest at the rate of eight per cent. per annum from the date of the note, April 8, 1925.   This paper was indorsed by Camp, and by him thereafter hypothecated to a bank, and later paid off by him. The business of the partnership having been closed, Camp brought suit in the superior court to recover from his partners, by way of contribution, three fourths of the unpaid balance upon the note. The defendants filed an answer and cross-bill, denying owing anything to the plaintiff on the note sued on; and averring that certain money for work done by the partnership had been paid to Camp for the partnership, and that unused material and equipment belonging to the firm, amounting to at least ten thousand dollars, was sold and the money received by Camp; and "that upon a full and correct accounting to defendants for said funds, it will be found that the note sued on and all other indebtedness of said firm has been fully paid, and that these defendants are not indebted to plaintiff in any sum whatever, but that on the contrary the plaintiff will be found indebted to said firm in the sum of $5000 or other

large sum." They also in this cross-bill required the plaintiff, by way of discovery, to file in court a statement of moneys received and disbursed by him for the partnership. Such statement was filed by the plaintiff in response to an order of the court on the prayer of the cross-bill. Thereafter the case was referred to an auditor, who found as follows: "I find that the evidence adduced before the auditor is insufficient to show that either partner has appropriated to his own use and benefit any of the assets of the partnership for which he should account to the partnership, or any member of the partnership. . . The plaintiff has proved his claim on the note sued upon, to the satisfaction of the auditor; and I find that the amount due on said note is the sum of $1,649.64 as balance of principal due as of May 17, 1927, and that interest on that amount at eight per cent per annum from May 17, 1927, to this date is $384.03, from which should be deducted the sum of $15.00 appearing as credit on said note as of February 2, 1929, leaving a balance of interest to this date of $369.03. I further find that one fourth of said amounts should be deducted as plaintiff's proportion of the obligations on said note. I therefore find in favor of the plaintiff, and against the defendants and each of them, jointly and severally, the sum of $1,237.23 as balance of principal, $276.77 as interest to this date, and $151.40 as ten per cent. of said principal and interest as attorney's fees."

The defendants filed no exception of law, but they filed the following exceptions of fact to the report of the auditor:

(1) "They except to the finding of facts third, that the evidence submitted to the auditor does not sustain the contentions of the defendants as set out in paragraphs 11, 12, 13, 14, and 15 of the original answer, and say that said finding is contrary to all of the evidence in the case, and is specially contrary to the testimony of W. H. Mitchell, one of the defendants, who testified on behalf of the defendants, his evidence beginning on page 18 of the transcript of the evidence and continuing through and ending on page 31 of the transcript filed by the auditor, and beginning again on page 63 of the transcript of the evidence and ending on page 67 of such transcript. Such finding is also contrary to the testimony of the defendant W. B. Loyd, beginning on page 31 of such transcript and continuing through all the pages and ending on page fifty-one (51) and the testimony of W. B. Loyd as set forth in said transcript

beginning on page 60 and extending through page 62 of the transcript. It is also contrary to the testimony of G. M. Russell as set out on page 51 of said transcript of evidence. It is also contrary to the testimony of Kieffer Lindsey as set out in said transcript and beginning on page 52 of said transcript and continuing through page 59 of said transcript. The evidence material to this exception is set forth in the testimony of W. H. Mitchell on pages 18 to 31 inclusive, and on pages 63 to 67 inclusive, as set forth in the transcript, and the evidence of W. B. Loyd as set forth and contained on pages 31 to 51 inclusive, and pages 60 to 62 inclusive, of said transcript, and the evidence of G. M. Russell as set forth on page 51 of said transcript, and the testimony of Kieffer Lindsey as contained in pages 52-59 inclusive of said transcript, and the testimony of J. E. Camp as set forth on pages 2 to 17 inclusive of said transcript and on pages 68 to 80 inclusive of said transcript of the evidence. Defendants refer to said testimony by page in the transcript of the evidence reported and filed by the auditor."

(2) "They say that the finding of the auditor as set forth in his fifth finding of fact, that the partnership received the several sums of money referred to in the 4, 5, 7, 8, 9, and 12 paragraphs of the amendment to the defendant's answer is contrary to all of the evidence in the case and is without any evidence to support it, and the finding that the partnership is not entitled to any credit on the note sued on for said amounts is contrary to all of the evidence in the case and without any evidence to support it, and the defendants specify in support of this exception all of the evidence admitted by the auditor and filed in the case; and especially is such finding contrary to the evidence of W. H. Mitchell as appears beginning on page 18 and extending through page 31, and beginning again on page 63 and extending through page 67 of the transcript; and the testimony of W. B. Loyd beginning on page 31 and extending through page 62 of said transcript; and the testimony of G. M. Russell as set out on page 51 of said transcript; and the testimony of Kieffer Lindsey as set out beginning on page 52 and extending through page 59 of said transcript; and the testimony of J. E. Camp beginning on page 2 and extending through page 17 and beginning again on page 68 and extending through page 80 of said transcript; the testimony relied upon in support of this exception being all the testimony of the above-named

witnesses and is set forth in the transcript on the pages named and referred to."

(3) "They except to the tenth finding of fact on the ground that the finding is contrary to all of the evidence submitted and is without evidence to support it, and specify all of the evidence admitted and contained in the auditor's report, and especially the testimony of J. E. Camp in full, as contained on pages 2 to 17 inclusive, and pages 68 to 80 inclusive, of the transcript of the evidence. Also the testimony of W. H. Mitchell in full, as set out on pages 18 to 31 inclusive, and pages 63 to 67 inclusive, of the transcript of the evidence. Also the testimony of G. M. Russell as set out in full on page 51 of the record of the evidence. Also the testimony of W. B. Loyd as set out in full on pages 31 to 51 inclusive, and pages 60 to 61 inclusive, of said transcript of the evidence. Also the testimony of Kieffer Lindsey as set out in full on pages 52 to 59 inclusive of the transcript of the evidence."

A demurrer to these exceptions was sustained, and the court refused to approve them. The court then affirmed the findings of the auditor and entered a decree in accordance therewith.

■ The court did not err in striking the exceptions of fact to the findings of fact reported by the auditor. As will readily be seen, these exceptions are so vague and general, so indefinite, as to present nothing for the consideration of the court below or of this court. It will be noted that, instead of stating why the auditor's findings of fact were contrary to law, there is a mere general statement in each of the three exceptions that the finding of the auditor is contrary to the evidence. Instead of stating what evidence is referred to, there is a mere reference to the evidence contained at certain designated pages in the report of the auditor as to the testimony of five named witnesses; and as if to avoid that clearness of specification required by law, it appears that the pages referred to in all of the three exceptions are identical as to each witness. Upon the subject of exceptions to auditors' reports, the Code of 1910, § 5135, provides: "Within twenty days after the report is filed and such notice given, either party may file exceptions, to be separately classified as 'exceptions of law' and 'exceptions of fact.' All exceptions shall clearly and distinctly specify the errors complained of." In the exceptions before us, it is manifest that there is nothing so clear or distinct as to enable this court to determine

the merits of the exceptions, without a very groping and extremely minute search for error into every recess of the record and of the entire brief of evidence in this case. It is a well-settled rule that it is the duty of a party complaining of error to show error, and put it clearly in view of the court, and that it is not a part of the duty incumbent upon the reviewing court to make voyages of discovery after error, certainly not without being provided by the plaintiff in error at least with a chart and compass. In re Commander-in-Chief, 68 U. S. 43 (17 L. ed. 609), from which Mr. Justice Lamar quoted in *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874), in passing upon the requirements as to exceptions to the reports of auditors, it was held: "Parties excepting to a report should state with reasonable precision the grounds of their exceptions in connection with such other particulars as will enable the court to ascertain, without unreasonable examination of the record, what the basis of the exception is. For example, if the exception be that the commissioner received improper and immaterial evidence, the exception should show what the evidence was. If [the exception be] that he had no evidence to justify his report, it should be set forth what evidence he did have. If, that he admitted the evidence of witnesses who were not competent, it should give their names, and specify why they were incompetent, what they swore to, and why their evidence ought to have been rejected." As stated by Mr. Justice Lamar in the *Hudson* case: "Cases referred to auditors are usually more or less complicated. The evidence is voluminous, and the fact that the complaining party is not only allowed to assign error on the decree generally, but to multiply exceptions by complaining of separate and distinct findings of fact and rulings of law, necessitates the strictest enforcement of all general rules requiring a clear assignment of error. The statute (Civil Code [1895], § 4589) [1910, § 5135] makes this emphatic, and perfectly explicit. So do many decisions. *Roberts* v. *Summers,* 47 *Ga.* 439 (2). The rule seems to be universal that in this class of cases the exceptions should be so framed as to relieve the superior court and this court of the burden of going over the entire case, or of performing duties which properly belong to the master and counsel. Stanton *v.* Ala. R. R., 2 Woods, 507; Holcomb *v.* Holcomb, 11 N. J. Eq. 281; Warren *v.* Lawson, 117 Ala. 339 [23 So. 65]." In *Baxter* v. *Camp,* 126 *Ga.* 354 (4) (54 S.

E. 1036), this court held: "No question that this court will undertake to determine is raised by a general exception to this portion of the decree, as such an undertaking would require a search through various parts of the report of the evidence, the auditor's findings and rulings, and the various exceptions thereto, in order, by comparison and elimination, to ascertain which of the exceptions to the auditor's rulings and findings were sustained or overruled." The rule as stated in the *Baxter* case, is: "Exceptions to an auditor's report ought not to refer the court from one part of the record to another to discover what was ruled, and to other and various parts of the record to search for evidence relating to that particular point, but the exception should be complete in itself." The same rules which are applicable to assignments of error in grounds of a motion for a new trial, or to exceptions in bills of exception, which require that the assignments of error shall distinctly specify the errors complained of and shall be complete in themselves, without reference to other portions of the record, are applied to exceptions to the report of an auditor.

From the record it clearly appears that this action, being between partners inter sese, is cognizable in equity; and as none of the exceptions were approved by the trial judge, the plaintiffs in error have no right to insist upon a trial by a jury. By reference to the statement of facts it is very plain that the exceptions alleged in the bill of exceptions only present, in different language, the contention that the decree and judgment rendered is contrary to law for the reasons stated in the bill of exceptions. None of these exceptions are meritorious.

*Judgment affirmed. All the Justices concur.*

HINES, J., concurs in the result.