CAMP *v.* LINDSAY.

No. 9090.   FEBRUARY 18, 1933.   REHEARING DENIED MARCH 4, 1933.

*Nathan Harris,* for plaintiff.

*M. B. Eubanks* and *Wright & Covington,* for defendant.

RUSSELL, C. J. (After stating the foregoing facts.) The action under review was instituted as a suit for contribution, by one partner against another, upon a note which the plaintiff was alleged to have paid off in behalf of a partnership known as the Rome Contracting Company, composed of J. E. Camp, W. B. Loyd, W. H. Mitchell, and Kieffer Lindsay. The partner who paid the debt to the National City Bank did not sue the other defendants named above. The defendant filed a plea denying the indebtedness, and afterward filed the amendments already referred to. The plaintiff excepted pendente lite to the allowance of these amendments and to the overruling of his demurrer. The court submitted to a jury the defendant's plea in bar. After the record of the former suit had been introduced, the court directed a finding in favor of the plea in abatement, and thereupon dismissed the action.

From the nature of the antecedent rulings, the judgment of dismissal naturally followed as a matter of course; so the first question which arises is whether the court erred in directing the verdict for the defendant on the plea in bar. In the argument of counsel, this plea is variously denominated as a plea of former recovery, plea of res adjudicata, and plea in abatement. As pointed out by Mr. Justice Fish in *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650), and by Mr. Justice Atkinson in *Irvin* v. *Spratlin,* 127 *Ga.* 240 (55 S. E. 1037, 9 Ann. Cas. 341), there is a well-recognized difference between an estoppel by judgment and a definite plea of res adjudicata. It would perhaps be unnecessary to consider this distinction in the case at bar, were it not for the diverse argument made by counsel on the different sides of this case. "An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." Civil Code § 4335: "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the case wherein the judgment was rendered." § 4336.

Reading these sections alone, one must conclude that res adjudicata extends not only to what was actually put in issue or pleaded in the former adjudication as to the same subject-matter, but also what might have been pleaded, although the question was not actually put in issue. However, by § 5679 it is declared that "For the former judgment to be a bar, the merits of the case must have been adjudicated," and § 5678 declares that "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement; but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit will not abate the action." We are of the opinion that the apparent conflict between §§ 4335-4336 and §§ 5678-5679 is readily reconciled by the fact that §§ 5678-5679 have special application to estoppels by judgment, and §§ 4335-4336 apply where a plea of res adjudicata is available. The court seems to have treated this plea as one of res adjudicata, and the defendant offered no objection to the introduction of the record in the prior investigation. It seems to be reasonably clear that the note involved in this case was put in issue in the former investigation involving the state of the accounts between all of the members of the partnership. The answer of the defendants in the former case (*Loyd* v. *Camp,* 172 *Ga.* 510, 158 S. E. 40), asked for an accounting; and in pursuance of that prayer, as well as a prayer that Camp be required to make a full disclosure of all of the moneys of the partnership received or expended, the judge ordered him to submit such a showing. In response to the order of the court to that effect, he submitted, along with the $3,000 note upon which the petition was predicated, the note for $2767.35 involved in the present suit. It appears in the report of the auditor, as a part of the evidence before him at the time that he rendered his report and set forth the amount of his judgment. It is true that the court granted an order permitting the plaintiff to withdraw that note without prejudice, for the purpose, as stated, of bringing a suit upon it; but it appears from the auditor's report that the $3,000 note was withdrawn in the same language as the note for $2765.35, the language in each case being, "Original withdrawn by plaintiff and copy substituted, as per agreement." This withdrawal, then, so far as the auditor's report is concerned, amounted to nothing more than the physical delivery of the original notes and the sub-

stitution of copies made by the auditor himself of the originals and verified for his own consideration as a part of the evidence. After the report of an auditor is made, just as in the case of the verdict of a jury, there is no way of absolutely determining what portions of the evidence were so accredited by the trial tribunal as to constitute the basis upon which the finding was reached. There is no statement by the auditor that for any reason the $2767.35 note had been excluded from his consideration, rather than that he had determined the claim to be unfounded after due consideration. So we are of the opinion that the court did not err in directing the verdict in favor of the plea of the defendant, treated as a plea of res adjudicata. The entire record of the former trial was before the court and jury. From the pleadings and the evidence, as well as the fact that the note was properly before the auditor, even though by copy, until he finally rendered his report, and in the absence of any rebutting evidence on the part of the plaintiff, the finding that the note now sued on was included in the prayer for a general accounting was demanded. No other conclusion could be reached by the jury than that the note was properly before the auditor, that it would have been his duty to consider it, and that he did his duty in that respect.

Learned counsel for the plaintiff does not argue the exceptions to the allowance of the defendant's amendment to his answer, or the judgment overruling the demurrer thereto, as separate and distinct propositions, though he relies upon the same principles in dealing with the assignment of error in which it is alleged that the court erred in directing a verdict for the defendant upon the plea in abatement. Learned counsel goes straight to the controlling question in the case, and says, "The defendant, without an order of the court, can not compel the plaintiff to litigate a claim entirely different from that on which he sued," and his contention is that the issue in the present suit is entirely different and distinct from that involved in the case of *Loyd* v. *Camp*, supra. We agree with counsel in the general principle stated. But the real question involved in this case is whether it is a different suit from that involved in the case cited, or whether it is indeed an effort to revive, if possible, a cause of action which was lawfully included in prior litigation. In establishing the contention that the present action is altogether a different suit, counsel says: "In the former suit the Rome Con-

tracting Company was not a party. to the note; it was between individuals who were, or afterwards became, partners," and he quotes from the former opinion of this court: "In the course of personal dealings or in the conduct of the partnership business, Camp was the holder of an obligation in which he and the other partners undertook to pay J. E. Camp the sum of three thousand dollars." Thus the court did not at that time deem it necessary to decide whether the note for three thousand dollars was in the course of personal dealings or in the conduct of partnership affairs. Thus, from the words used by the court, it appears that the court did not decide whether the relationship at the time the three thousand dollars was borrowed was or was not a partnership. It is true that the Rome Contracting Company was not mentioned in the decision in regard to the previous transaction; but it appeared when the previous case was here, as it does now, that the name "Rome Contracting Company" was a mere trade designation of a partnership composed of J. E. Camp, W. B. Loyd, W. H. Mitchell, and Kieffer Lindsay. There is certainly no intimation in the former opinion that the relation of each of the above named four persons was not that of a partnership. The former action based the liability of the other defendants and Camp upon a partnership, for the reason that Camp only asked judgment for three fourths the money he had advanced. Under the allegations in the defendant's answer in this case the same condition exists. The plaintiff alleges that he has paid to the National City Bank $2767.35; that "plaintiff himself is liable for his proportion of said debt, and he hereby agrees to credit said debt with such proportion, whatever it may be;" that "upon the payment by plaintiff aforesaid, defendant became liable to plaintiff, in contribution, for his due proportion of said debt, whatever it might be, to wit, one fourth if W. H. Mitchell is solvent and one third if said Mitchell is insolvent." It is also alleged in the petition in the case at bar that "W. B. Loyd recognized his liability for such contribution, and, on March 5, 1929, the said Loyd paid to plaintiff the full amount of his proportion of said note, and plaintiff, upon written authority from defendant and W. H. Mitchell, released said Loyd from all further liability." So we are of the opinion that the plaintiff is still proceeding, exactly as he had in the first action, to have certain partners contribute to him for payments made by him in behalf of the partnership. The real ques-

tion, then, is whether under the pleadings in the former case all claims and demands of these partners, known as the Rome Contracting Company inter sese, were not up for adjudication, and so necessarily involved in the matter of reaching a final adjustment of their relative standing towards each other as members of the partnership, Rome Contracting Company, as that equity, acting under the broad maxim that there should be an end of litigation, did not assume and decide all controversies between them in their relation as partners and within the scope of the partnership business. If such was the case, any one of the partners who failed to bring forward all demands in the course of the investigation would be estopped thereafter to seek a later investigation or adjudication of these issues, upon the broad maxim *finis sit litium.*

To support the proposition that the matter now before us is different from that involved when the case was here before, the decision in *Taylor* v. *Hardin,* 38 *Ga.* 577, 580, is cited; but it is very plain, as pointed out by the court, that the *Hardin* case is not in point. As said in that case, "If Hardin was bound by the contract of partnership to furnish timber to be sawed at the mill, and to haul it to the mill, and the lumber from the mill to the railroad, and he borrowed money of his partner, which he used in the purchase of mules, wagons, and other necessary supplies, to enable him to carry out his contract with his partner, this loan was as distinct from the partnership as if he had borrowed the money from a third person." The plaintiff takes the position that the sixteenth paragraph of the cross-petition in *Loyd* v. *Camp,* supra, which calls upon Camp for an itemized statement of all payments in detail, etc., in some way obliterates the prayers contained in the seventeenth paragraph of the cross petition. He says that "Here is no prayer for an accounting." We can not agree with this contention. The seventeenth paragraph prays that "a full and complete accounting be had between the plaintiff and said firm and between the members of said firm, and that the court ascertain the sum due each of said partners respectively, and by decree provide for the payment of such sums." We are of the opinion that, in the absence of a timely special demurrer, the seventeenth paragraph constitutes a sufficient prayer for a general accounting. It was not necessary to have the Rome Contracting Company made a party, when the case was here before or at this time, because it is perfectly plain that the Rome

Contracting Company has not, and never has had, any real existence except as a trade-name for a partnership, the membership of which is stated. The plaintiff admits that he might have amended after the filing of the defendants' cross-petition, and asked for judgment on both of his notes, though he says that this is barely possible, but he insists that "without such amendment it is certain the auditor could go no further than to find on the note sued on in the original suit." In our opinion, all parties being before the court, and the court being one which has peculiar jurisdiction in the settlement of partnership affairs, and there being a prayer for an accounting, it was the duty of the plaintiff to put all claims he had against any of his partners, or to any portion of the partnership funds, before the court for adjudication, knowing that a judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered. Civil Code (1910) § 4336. Counsel says that the court never ordered any accounting. We construe the allowance of the prayer for an accounting by the court to be sufficient to authorize an accounting, and that an order by the court that an accounting should be had, in advance of the trial and as a preliminary thereto, would be unnecessary and superfluous. The fact that the court granted an order requiring Camp to make full disclosure of all his receipts and expenditures does not affect the matter of accounting, except that the court thought it necessary to compel him to discover papers in his possession in order that an accounting could be properly made.

*Judgment affirmed. All the Justices concur.*