CRIDER *et al.* *v.* HARRIS, administrator, *et al.*

No. 11495. JANUARY 13, 1937.

*J. H. Paschall,* for plaintiffs. *Roscoe Pickell,* for defendants.

BELL, Justice. J. J. Harris, a resident of Pickens County, died in 1913, leaving about 245 acres of land which he had willed to his widow for the period of her natural life. His widow died in January, 1934. In February, 1934, Skid Harris was appointed administrator with the will annexed of the estate of J. J. Harris, deceased. Skid Harris was the son of the deceased, and there were several other children, including Mrs. Mandana Crider, who were interested as remaindermen. In April, 1934, Mrs. Crider and others similarly situated filed a suit in equity against Skid Harris individually and as administrator, seeking, among other things, a cancellation of deeds which they had made, conveying to Skid Harris their respective interests in the landed estate left by their father, contending that they were induced to execute the deeds for grossly inadequate considerations by the fraudulent representations of the defendant. The defendant demurred to the petition, on the following grounds: "1. Said petition sets forth no cause of action. 2. Said petition shows upon its face that no tender of the money paid each of the plaintiffs in said petition by defendant, Skid Harris, for the lands in question, has been tendered back to defendant, or any offer made to restore the status quo, before filing said petition. 3. It does not appear from said petition that all of said plaintiffs were not over 21 years of age when they sold their respective interests in said lands to this defendant, or that they were laboring under any legal disability at said time, or that they did not have equal opportunity with defendant of inspecting the said lands in question, and of ascertaining its value, or that any legal fraud was practiced upon any of them by this defendant in procuring the deeds to said lands, or that they or any of them were prevented from ascertaining the value of said lands by any act of this defendant."

On April 28, 1934, the judge of the superior court entered an order sustaining this demurrer, in the following language: "It is considered, ordered, and adjudged by the court that the within demurrer be and the same is hereby sustained." No exception was taken to this judgment; but after about a month the same plaintiffs, together with Mrs. Victoria Evans, one of the children of

J. J. Harris, who was not a party to the first suit, filed a second petition against the same defendant, based on substantially the same allegations and praying for the same relief, except that in the latter suit the plaintiffs alleged that they had tendered to the defendant the amounts paid to them, respectively, for the deeds in question. To this suit the defendant filed a plea of res judicata, based upon the judgment sustaining the demurrer to the first action. On the trial of this plea the parties agreed in open court that it correctly stated the proceedings in the former case. The judge directed a verdict in favor of the plea, as to all plaintiffs except Mrs. Evans. This verdict was followed by a judgment abating and dismissing the second petition, and the plaintiffs excepted.

■ There is no presumption that the judgment sustaining the "within demurrer" was based upon any particular ground of the demurrer, and it should be treated as sustaining the entire demurrer upon all grounds. *McClaren* v. *Williams,* 132 *Ga.* 352 (2) (64 S. E. 65); *DeLoach* v. *Georgia Coast & Piedmont Railroad Co.,* 144 *Ga.* 678 (87 S. E. 889). Each of the three grounds of demurrer attacked the petition as a whole, contending in effect, if not in terms, that it did not state a cause of action. Regardless of other grounds, the court in sustaining ground 3 adjudicated that the petition did not contain sufficient allegations of fraud to authorize rescission and cancellation. The averments as to fraud being substantially the same in both suits, the ruling on demurrer constituted a bar to the second action. See Code, §§ 3-607, 110-501, 110-504; *Gunn* v. *James,* 120 *Ga.* 482 (3) (48 S. E. 148); *Thrasher* v. *Miller,* 145 *Ga.* 459 (89 S. E. 422); *Camp* v. *Lindsay,* 176 *Ga.* 438 (2) (168 S. E. 284).

■ The plaintiffs contend, however, that in this case the ruling on the demurrer did not become binding as a former adjudication, for the reason that in the second petition a new party plaintiff was introduced. There is no merit in this contention so far as it applies to those who were plaintiffs in the first action, and it appears from the record that the new plaintiff, Mrs. Victoria Evans, was expressly excepted from the verdict directed by the court on the plea of res judicata. This was a proper disposition of the case as to all the parties to both actions. While it is generally stated that in a defense of res judicata or of estoppel by judgment the former

judgment must have been between the same parties or their privies, yet under the facts of this case it is immaterial that in the second action an additional plaintiff was introduced. The judgment was binding in favor of the defendant against those who were parties plaintiff in the first suit, but not upon the new plaintiff. See, in this connection, *Salter* v. *Salter,* 80 *Ga.* 178 (3) (4 S. E. 391, 12 Am. St. R. 249); *Chatman* v. *Hodnett,* 127 *Ga.* 360 (3) (56 S. E. 439); *National Life & Accident Ins. Co.* v. *Leo,* 50 *Ga. App.* 473 (178 S. E. 322); 34 C. J. 996, § 1415.

The case is not altered by the fact, as contended, that the second petition alleged that before its filing the plaintiffs had "tendered back to defendant the money" which they had received from him, whereas no allegation to this effect was contained in the first petition. Whether or not if a petition is defective solely for the want of an offer to restore the status, and is dismissed on demurrer for that reason only, the judgment would bar a later action instituted after a proper tender is made, such is not the case presented by the instant record. The demurrer to the first action was sustained on the ground, among others, that the petition did not contain sufficient allegations of fraud to authorize the relief of rescission and cancellation; and this ruling having become the law of the case, the second petition under such law was not maintainable as against a proper plea, even with the added averments in regard to tender. This is true for the reason that if the petition did not show actionable fraud, the plaintiffs could not obtain the relief of rescission and cancellation, either with or without an offer of restoration. The court did not err in directing the verdict in favor of the plea of res adjudicata.

*Judgment affirmed. All the Justices concur.*