Robert S. Hardaway, plaintiff in error, vs. Allen B. Drummond, et al., defendants in error.

A recovery by or against the heirs at law, may be pleaded in bar to a suit brought by the administrator of the estate for their benefit, there being no debts due or owing by the intestate.

In Equity, from Muscogee county.    Decision by Judge Worrill, on demurrer, at May Term, 1858.

This case was before the Supreme Court at Macon, January Term, 1857,  and the facts will be found fully stated in *21st Ga. Rep.* 433.

The defendant met the bill, in the first instance, with a demurrer on three grounds.    1st. For want of equity.    2d. For want of proper parties complainants—that the legal representative, and not the heirs at law, of the idiot, alone had

the right to call defendant to an account.    3d.  For multifariousness.

The Court below sustained this demurrer and dismissed the bill, which decision, upon error assigned, was reversed by the Supreme Court.  (See 21 *Ga. Rep.* 433.)

The case being remanded, came up again for a hearing in the Court below, when defendant again demurred to the bill, 1st.  For want of equity.    2d.  Multifariousness, and 3d, for want of the proper parties defendant—insisting that the representative of William F. Drummond, deceased, should be made a party.

The Court overruled the demurrer, and defendant excepted and assigns error.

It is proper here to state, that after the case was remanded to the Court below, under the judgment of the Supreme Court, complainants amended their bill, stating, as a reason why the representative of the estate of William F. Drummond was not made a party to the bill, that said William F. had no interest in said cause, having never received any money or other thing belonging to said idiot; but having, while living, and more than a quarter of a century ago, been sued by Robert S. Hardaway, the defendant, as a mere irresponsible instrument, to enable defendant to retain in his hands the estate of said idiot.  And further, that said Wm. F. Drummond is not made a party, because he departed this life more than twenty years before the filing of the bill, totally insolvent, leaving no estate of any value, and no administration was ever taken out.    That said William F. died in 1832, and if he left any estate, the same has long since been distributed, without notice of any claim by the said Robert S. Hardaway, who was, before or at the time of his death, and for many years thereafter, the only party entitled, and whose duty it was to give such notice, and sue for and recover said claim if any existed; and that all remedy, if any ever existed, against the said William F. Drummond or his estate, has long since been barred by lapse of time; and this in conse-

quence of the default and negligence of said defendant guardian of said idiot.

It was to this bill, as thus amended, that said last mentioned demurrer was filed.

DOUGHERTY, for plaintiff in error.

HOLT & HUTCHINS, represented by B. HILL, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

This case has been up before, (see 21 *Ga. Rep.* 433,) and the only new point presented is, that the administrator of Wm. F. Drummond, with whom it is alleged the defendant fraudulently settled for the property of the idiot, is not made a party to the bill.

Wm. F. Drummond died many years ago. He is unrepresented, and his estate is insolvent. Why make his administrator a party? It is argued that the protection of Robert S. Hardaway requires this to be done. Otherwise, an administrator might, at some future time, be appointed, who might recover this property.

The heirs of the idiot are the complainants in the bill; and a decree against them could be pleaded in bar of any suit brought by an administrator for their benefit—there being no debts owing by the idiot. This Court has often recognized and enforced this doctrine, in attempts which have been made to recover property indirectly through the representative of an estate, for the benefit of the heirs, when the heirs themselves were barred.

                              Judgment affirmed.