BARBARA DAVIS, plaintiff in error, vs. WILLIAM BAGLEY et al., defendants in error.

(BY TWO JUDGES.)—1. When an administrator of an estate pays over to A' one of the distributees and her children, A's distributive share, divdiing it equally between them, under the misapprehension that the children were entitled to participate in the fund, it is a *devastavit* as to the amount paid to the children.

2. A charge not warranted by the evidence is error.

3. It is too late to move to dismiss a case here, for want of filing of the bill of exceptions, in the Clerk's office below, after the opening argument for plaintiff in error is concluded. (R.) 5th March, 1872.

Administrators and Executors. *Devastavit.* Charge of Court. Practice of Supreme Court. Before Judge JOHNSON. Harris Superior Court. October Term, 1871.

For the facts, see 40 Georgia Reports, 181, and the opinion.

(When the opening argument for plaintiff in error was concluded, defendant's counsel discovered that the bill of exceptions did not appear to have been filed in the office of the Clerk of the Superior Court, and for this, moved to dismiss the case. The Court said the motion came too late.)

D. H. BURTS; PEABODY & BRANNON, for plaintiff in error.

B. A. THORNTON ; E. G. RAIFORD, for defendants.

MONTGOMERY, Judge.

The facts of this case are fully set out in the same case, as it is reported in 40 Georgia, 181, except as to the charge of the Court.

Counsel for plaintiff, requested the Court, in the present case to charge the jury, " that the $5,000, paid by Bagley to the children of Mrs. Davis, were assets in his, Bagley's, hands"—which the Court refused to do. We think, under the former decision in the case, the plaintiff was entitled to

the charge.  The delivery of the assets to the children was there decided to be a *devastavit*, and if a *devastavit*, the fund was certainly, in contemplation of law, still in the hands of the administrator to be administered.

The Judge charged:  "If the jury believe that Bagley reserved in his hands, as administrator of Samuel Jones, an amount sufficient to pay the distributive share of Mrs. Davis, and that the assets in his hands consisted of notes given for the hire of negroes, and sale of negroes, and in Confederate bonds and Confederate money, and that he acted in good faith—then, although he paid to some of the distributees more than he paid to others, yet if the whole estate in his hands had become of no value, *without the fault of Bagley*, by the results of the war and subsequent legislation, then the jury should find for the defendant."   This charge, under the former decision in the case, was not warranted by the evidence.

The proof shews that $5,000 had been lost by his fault, and for this amount he was responsible.

Judgment reversed.