8934. SOUTHERN BELL TELEPHONE AND TELEGRAPH
COMPANY *v.* FREEMAN.

1. Where a bill of exceptions is not tendered to the judge until after the time prescribed by law for tendering it for certification, he is without jurisdiction to certify to it; and a bill of exceptions dismissed by the reviewing court because not tendered in the prescribed time is to be treated as void ab initio. In such case the judge's certificate could not operate to arrest the running of the time in which, under the statute of limitations (Civil Code of 1910, § 4381), an action may be renewed after nonsuit or dismissal.

2. The Supreme Court having dismissed, on the ground that it was not tendered in the time prescribed by law, the bill of exceptions by which it was sought to review a judgment of nonsuit as to an action renewed in the case now under consideration (*Grant* v. *Southern Bell Telephone &c. Co.,* 145 *Ga.* 298, 89 S. E. 364), that bill of exceptions did not arrest the operation of the statute of limitations; and, it appearing from the plaintiff's petition that the second suit was brought more than six months after the judgment of nonsuit was rendered, and more than two years after the personal injury for which the plaintiff was suing, the court erred in overruling the defendant's demurrer, in which the bar of the statute of limitations was set up.

DECIDED APRIL 10, 1918.

Action for damages; from Cobb superior court—Judge Morris. June 4, 1917.

*Sanders McDaniel, Brutus J. Clay, E. H. Clay, Fred. Morris,* for plaintiff in error.

*H. B. Moss, G. F. Gober, Joe Abbott,* contra.

LUKE, J. If, as appears from the decision of the Supreme Court, the bill of exceptions in the former case between the parties to this case was not tendered in the time prescribed by law, the trial judge was without jurisdiction to grant a writ of error thereon. "To sign and certify a bill of exceptions tendered after" the prescribed time "has expired the trial judge has . . no more power than any private person." *Hamilton* v. *Georgia Pacific Railway Co.,* 85 *Ga.* 645 (11 S. E. 1029). And an act so clearly a nullity could not constitute a "bona fide writ of error" or have sufficient legal efficacy to arrest the operation of the statute of limitations. If a tender delayed until after the expiration of the prescribed time could so operate, the time might be extended indefinitely. Why should a party not complying with the law in this respect be enabled thereby to extend the time during which the opposite party would be subject to suit? As to petitions for the writ of certiorari

"It is settled that if the first petition . . . be void for any reason, no renewal can be had under the statute." *Citizens Banking Co.* v. *Paris,* 119 *Ga.* 518 (46 S. E. 638), and citations. And even though such a petition be valid, and there is issued thereon a writ of certiorari upon an. order of sanction originally valid, it is held that in case of failure to give due notice of sanction, the proceeding is void ab initio, and the petitioner is not entitled to renew it. *Brackett* v. *Sebastian,* 18 *Ga. App.* 525 (2) (89 S. E. 1102). See also *Tuten* v. *Showalter,* 14 *Ga. App.* 690 (82 S. E. 154). There is no reason for holding that, as a means for arresting the statute of limitations, there is any greater efficacy in a certified bill of exceptions- not tendered in the time prescribed by law than in the certiorari held invalid in any of the cases cited. Bills of exceptions dismissed by the Supreme Court have been held sufficient to arrest the operation of the statute of limitations, where the dismissal was on the ground that the case was not properly presented in the bill of exceptions, or that the reviewing court was without jurisdiction to consider the particular question or kind, of question presented (see *Roach* v. *Sulter,* 54 *Ga.* 458; s. c. 51 *Ga.* 170; *Winn* v. *State,* 126 *Ga.* 419, 55 S. E. 178; s. c. 124 *Ga.* 811, 53 S. E. 318), but such cases are very different from a case in which jurisdiction to grant a writ of error had passed out of the trial judge by expiration of the period to which such jurisdiction was limited by law.

The court erred in overruling the defendant's demurrer, in which the bar of the statute of limitations was set up.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*