### 13473.  ANDREWS COMPANY *v.* DORSETT.

The defendant's plea  as amended did not set up a good defense.

A timely, formal, verified plea in abatement is necessary, to raise the objection that an action was prematurely brought, unless the defect appears on the face of the pleading.  There being no such plea in this case, the trial judge did not err in striking the defendant's plea and the amendment to it, or thereafter in directing a verdict for the plaintiff.  The judge of the superior court erred in sustaining the certiorari.

DECIDED DECEMBER 11, 1922.  REHEARING DENIED JANUARY 10, 1923.

Certiorari; from Bibb superior court — Judge Mathews.  February 18, 1922.

Application for certiorari was denied by the Supreme Court.

Suit upon an open account for 41,200 " Bak-a-cak cartons " at $8.65 per thousand, $356.38, was brought in the municipal court of Macon against W. C. Dorsett.  The defendant filed a plea denying indebtedness and alleging:  On or about July 22, 1920, defendant contracted in writing with plaintiff for " 500 M cartons similar to those mentioned in the plaintiff's suit at $8.65 per M as per the contract," and they were shipped to him and delivered about November, 1920.  Plaintiff invoiced defendant with 541,200 cartons, which  were 41,200 more than he had contracted for or ordered or at that time wanted.  On December 13, 1920, Mr. Finley, an attorney representing the plaintiff, called on defendant to collect for the cartons, and defendant told the attorney that he was willing to pay for the cartons he had bought, but was not willing to pay for the 41,200 extra which he had not bought or ordered, until he needed them, but, if he would agree to do so, defendant would retain the extra cartons, pay for those ordered, and pay for the 41,200 extras when he sold out the 500,000.  This proposition the plaintiff accepted through its said attorney, and the defendant then paid to the said attorney the full agreed price price for the 500,000 cartons contracted for.  The defendant still has on hand a large number of the original 500,000 cartons, not having used them up in his business, and therefore, under the agreement with the plaintiff, is not obliged or due to pay for the

same until such time as he needs them in his business. Defendant contends further that the conduct of plaintiff in entering this suit, in violation of the agreement between plaintiff and defendant as to extra cartons, constitutes a breach of the contract on the part of plaintiff, and defendant prays for damages occasioned by the filing of the suit, to wit, reasonable attorney's fees in the sum of $50 for defending the suit, the plaintiff having acted in bad faith. Plaintiff having breached said contract, defendant elects to rescind the same and tenders back to plaintiff the said 41,200 extra cartons " and makes them title to them " and asks judgment against plaintiff for the pro rata freight charges which defendant paid on the cartons, defendant having paid the freight not knowing plaintiff had shipped more than 500,000 cartons, the pro rata part of the freight bill being $11.72, and plaintiff not having the right to ship to defendant and charge him with more than the 500,000 ordered.

The suit was returnable to the June term of the municipal court, 1921, and the answer was filed on June 18, 1921. The answer was not verified. The court at the July term, 1921, allowed a verified amendment of the answer, as follows: "Defendant shows that the plaintiff breached the contract with the defendant, as set out in the answer, and the defendant asks for a judgment for nominal damages against the plaintiff by reason of such breach." The plaintiff moved to strike the answer and the amendment, and the court sustained the motion. The defendant took the case to the superior court by certiorari, alleging that the trial judge erred in this, and in directing a verdict for the plaintiff.

The judge of the superior court, in his order sustaining the certiorari, said: " A careful reading of the record discloses that it does not appear upon what ground the trial judge struck the answer on the motion of plaintiff's counsel. It also appears that no reference is made to any ground of the motion to dismiss as being based on the want of verification of the answer, and therefore it must be taken, on certiorari, that no specific motion to dismiss for such verification was made. Taking the answer as being only a plea in abatement, a motion to dismiss amounted only to a special demurrer (*Wood* v. *Guaranty Co.*, 4 *Ga. App.* 671), and could not be made after the first term. *Potts* v. *Thompson*, 137 *Ga.* 648. A demurrer attacking the entire declaration can not

be considered as a special demurrer, without pointing out the particular defect. *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404. See also, in this connection, *Richards* v. *Shields,* 138 *Ga.* 583. A motion to strike the answer, in the nature of a general demurrer, although in time, would not authorize the striking of the entire answer, if a good plea in abatement was set out therein. The answer might have been ordered to stand only as a plea in abatement.

" It is true that the plaintiff in certiorari must make it appear that error was committed, and the petition in this case, with the judge's answer, does not make it appear upon what ground the court struck the answer and directed a verdict. The plaintiff in the suit against Dorsett set out the amount of the account sued on, and the nature and agreed price of the goods sold, and the answer of Dorsett admitted the correctness of the account, but set up in effect that the account was not due and would not become due until sometime in the future, when he would have used up the goods ordered and paid for; and that was evidently a contingency taken by both parties to the sale and purchase as reasonable and natural to anticipate. The defendant pleaded in bar to the suit that the very filing of the suit operated to bar the suit, and caused substantial and legal damage to the defendant, entitling him to recover upon a counterclaim. Had this been the only defense, the motion to dismiss for the want of a meritorious defense would have been entirely good. But the record shows only a ' motion to dismiss,' which should have been denied so long as a plea in abatement remained. If the motion to dismiss was based on the failure to verify the plea because it was a dilatory plea merely, then the motion was to dismiss for a formal and amendable defect, and was essentially a special demurrer, not allowable after the appearance term. It therefore appears that in any event it was erroneous to dismiss upon any ground."

*Brock, Sparks & Russell,* for plaintiff.

*R. D. Feagin,* for defendant.

BLOODWORTH, J. I am authorized by my associates to announce the following as their opinion in this case:

" The defendant's plea, as amended, was insufficient to set up a good defense to the suit.

" (*a*) The objection that an action is prematurely brought, unless

the defect appears on the face of the pleading, can be raised only by a timely, formal, verified plea in abatement. *Gate City Fire Ins. Co.* v. *Thornton, 5 Ga. App.* 585 (63 S. E. 638). There was no such plea in this case, and, under the above ruling, the trial court did not err in striking the defendant's plea and the amendment thereto, on motion of the plaintiff, or in thereafter directing a verdict in favor of the plaintiff for the amount sued for. It follows that the judge of the superior court erred in sustaining the certiorari."

My opinion is that the judge of the superior court did not err in sustaining the certiorari.

*Judgment reversed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents.*