## WEST v. GAINESVILLE NATIONAL BANK.

Where, on a bill of exceptions to a grant of an attachment as against a fraudulent debtor, a supersedeas is obtained, it will not have the effect, pending the writ of error, of relieving the plaintiff in attachment from filing his declaration at the first term.

No. 4057. July 23, 1924.

Questions certified by Court of Appeals (Case No. 14724).

*E. D. Kenyon,* for plaintiff in error.

*H. H. Perry, Edgar Dunlap,* and *Luther Roberts,* contra.

ATKINSON, J. The Court of Appeals certified the following questions to the Supreme Court for decision, as necessary to a proper determination of the case: "1. Where a bill of exceptions is taken to the judge's grant of a fraudulent debtor's attachment (Civil Code, §§ 5088, 5093), and a supersedeas is obtained therein, does such procedure operate, pending such writ of error, to suspend the obligation resting upon the movant in the attachment proceeding to file his declaration at the first term as required by law?" "2. If the foregoing question should be an-

swered in the affirmative, would the fact that the bill of exceptions was not filed in the office of the clerk of the superior court until after the expiration of the fifteen days, as required by section 6167, Civil Code, operate to change the rule, where it appears that, after the case had been submitted for argument in this court and while it was here pending for decision, the plaintiff in error voluntarily dismissed his bill of exceptions? See *Davis* v. *Bagley,* 45 *Ga.* 108 (3); *Johnson* v. *City of Atlanta,* 9 *Ga. App.* 302 [70 S. E. 1120]. See also, in this connection, *Southern Bell Telephone Co.* v. *Freeman,* 22 *Ga. App.* 166 [95 S. E. 740]."

The general rule is that a supersedeas suspends all further proceedings in a suit in which the judgment of supersedeas is rendered, such as are based upon or relate to the carrying into effect of that judgment, and deprives the trial court only of jurisdiction to take further proceedings towards the enforcement of the judgment excepted to. *Barnett* v. *Strain,* 153 *Ga.* 43 (111 S. E. 574), and citations. It has been held by this court that where a bill of exceptions was sued out to the judgment of the lower court, ordering an award of arbitrators to be entered on the minutes of the court, and where bond and security were given and the cost paid in order to obtain a supersedeas, the pendency of the cause in this court to review such judgment does not suspend proceedings in the cause in the lower court on a motion to make the award the judgment of that court, the motions being distinct and independent of each other, and such motion not affecting the judgment brought to this court. *Walker* v. *Walker,* 25 *Ga.* 257. The above-cited authorities sufficiently state the general rule and the exception thereto. Applying this rule, the supersedeas will not have the effect of relieving the plaintiff in attachment from filing his declaration at the first term, such proceeding not being one instituted to enforce or in any way affect the judgment appealed from. Applying the above principles, the first question propounded by the Court of Appeals is answered in the negative. In view of the foregoing it becomes unnecessary to answer the second question. *All the Justices concur.*