28596. LOVELESS *v.* CARTEN, administratrix.

DECIDED NOVEMBER 9, 1940.  REHEARING DENIED DECEMBER 17, 1940.

*H. A. Etheridge,* for plaintiff in error.

*A. C. Corbett, Howard, Tiller & Howard,* contra.

STEPHENS, P. J.  F. M. Loveless brought suit against John W. McCollum, on a note in the sum of $3000 executed by the defendant to "Sarah J. Mosby estate or order," of which the plaintiff, as alleged in one count, was the transferee by virtue of individual indorsers thereon who were the alleged "beneficiaries" and "heirs at law" of Sarah J. Mosby, and of which, as alleged in the other count he was the owner by virtue of the note having been made to a fictitious or nonexisting person, and, therefore, under the Code, § 14-209, a section of the negotiable instruments law, being payable

to bearer. The only defense filed was a plea of res judicata. The defendant pleaded that the right of action on the note had been adjudicated in a former suit in Fulton superior court in which the defendant, McCollum, had brought a bill in equity for an accounting against F. M. Loveless, and which involved and adjudicated the rights of the parties under the note. It was specifically alleged in the plea that "this defendant shows that the identical note which is sued upon in this case was an issue, and was introduced in evidence before said auditor in said former action." Attached to the plea was a copy of the petition of the defendant McCollum as the plaintiff in the court of equity, extracts from the auditor's report, McCollum's exceptions thereto, an extract from the decision of the Supreme Court in which the judgment rendered in the former suit was reviewed, and in which the Supreme Court ruled that the note, which was payable to "Sarah J. Mosby estate" was payable to a fictitious or nonexisting person and was therefore payable to bearer, and the judgment of the superior court putting into effect the judgment of the Supreme Court. The material portions of this judgment are as follows: "In accordance with the said decision of the Supreme Court, it is further ordered, adjudged, and decreed: 1. That the note signed by John W. McCollum payable to 'Sarah J. Mosby estate,' dated February 19, 1926, for the sum of $3000, is a valid negotiable paper. 2. That the loan deed signed by John W. McCollum to 'Sarah J. Mosby estate,' dated February 19, 1926, and recorded in deed book 224, page 124, of DeKalb County records, is null and void and conveyed no title, and it is ordered that the same be cancelled; and it is further ordered and decreed that the attempted foreclosure under said loan deed whereby the defendant F. M. Loveless attempted to purchase the property therein described, as shown by deed of foreclosure dated 20th day of March, 1935, and recorded in deed book———page———of DeKalb County records, is likewise void and conveyed no title to the said F. M. Loveless. 3. That the judgment heretofore rendered in favor of F. M. Loveless against John W. McCollum for the sum of $1742.24, be, and the same is hereby reduced to $736.52 as found by the auditor (less whatever sums have been collected by the said F. M. Loveless as rent from the property described in the deeds above mentioned in this decree from the date of the auditor's finding to this date)."

The plea, which was not filed at the first term, was objected to,

and a motion was made to disallow it on the ground that it was a dilatory plea which could be filed only at the first term. The plea was demurred to on the ground that it did not appear that the note sued on "had been actually adjudicated or disposed of" in the former litigation, and on the ground that the allegation that the note "was an issue and was introduced in evidence before" the auditor to whom the case was referred in the former action was insufficient to show an adjudication of the rights of the parties as to the note. The court overruled the objection to the plea, and also overruled the demurrer. The case went to trial on the plea of res judicata. Besides the note sued on and the testimony of the plaintiff that he had bought the note before maturity from certain named persons and was a holder thereof, there was introduced to sustain the plea evidence consisting entirely of extracts from records of the former suit.

From the evidence the following appears: Extracts from the petition of McCollum in Fulton superior court against Loveless in which it was alleged that he was the owner of certain described real estate which he had conveyed on February 19, 1926, to "Sarah J. Mosby estate," to secure a loan of $3000; that in compliance with an agreement between McCollum and Loveless all rents from McCollum's properties from March 24, 1928, to the date of filing the petition had been paid over to Loveless, amounting to approximately $10,000; that more than sufficient funds had been paid to Loveless to discharge all liens for taxes, street improvements, and incumbrances on other property; that McCollum owes Loveless nothing, but that Loveless is indebted to McCollum in a large sum; that McCollum is willing to do equity, and is willing that the rents which have accrued and are accruing may be impounded, and that if on an accounting between himself and Loveless it should be found that McCollum is indebted to Loveless in any sum, that such rents may be paid over to Loveless. McCollum as petitioner prayed that an accounting be had between him and Loveless "covering all sums of money paid over to defendant [Loveless] during the period hereinbefore stated, and all sums paid out by defendant for use of petitioner."

There was introduced in evidence the answer filed by Loveless to McCollum's petition in which there was set forth a statement of account between them showing an alleged balance of $1628.42 in

favor of Loveless against McCollum for which Loveless prayed judgment. There was introduced a cross-bill filed by Loveless to McCollum's petition, in which it was alleged that McCollum was indebted to him on the $3000 note which McCollum had executed in favor of "Sarah J. Mosby estate," in the sum of $3000 principal with $120 interest thereon, and it prayed that judgment be given him against McCollum in the present action for whatever sum or balance may be shown to be due him on an accounting between the parties, and also that judgment and decree be entered in his favor on another loan set forth in the cross-bill; that the properties be sold by decree and order of the court for the satisfaction of the indebtedness. There appeared in evidence the order of the court of September 13, 1935, referring the case, including the cross-bill, to an auditor. There was introduced an amendment by McCollum to his petition, before the auditor, in which he alleged that the note and the loan deed to secure the note, both of which were made payable to "Sarah J. Mosby estate," should be declared null and void on the ground that there was no such person as "Sarah J. Mosby estate," either natural or artificial. There was introduced the finding of the auditor that both the note and the deed were void; also an order of the court sustaining the exceptions to the auditor's finding disallowing the amendment of McCollum and finding the note and deed void. In this order it was provided as follows: "All the issues between the parties should be adjudicated as far as possible in this suit, and not limited merely to one phase of their relationship. . . The plaintiff signed a $3000 note payable to 'Sarah J. Mosby estate.' Whatever may be the legal status of that matter, that note was given for value, and the plaintiff who owed the note to some one is not entitled to have the note cancelled, only to have the deed given to secure it cancelled without paying the note. *Wherefore it is adjudged by the court that defendant's* [Loveless's] *rights and title in said note are not dealt with in this proceeding, but are eliminated from same without an adjudication with reference thereto.* It follows that the rents collected by the defendant from the property involved in the deed given to secure the $3000 note should not be credited to other obligations of the plaintiff, but *left open for an adjudication hereafter,* if proceedings to that end should be instituted. *The pleadings in the present case do not present the matter in the proper form for an adjudication*

*now."* (Italics ours.) This order was dated February 9, 1937. The cross-bill filed by Loveless had previously been dismissed with the court's approval.

There was also introduced a copy of the exceptions by McCollum to the foregoing order or judgment on the exceptions to the auditor's report. In these exceptions the judgment holding that the loan deed to "Sarah J. Mosby estate" was an invalid conveyance but that the power of sale therein was valid, was excepted to as error. This judgment was also excepted to as being erroneous in that it had the effect of withdrawing from the case the issues relating to the loan deed and the note until other pleadings in some other action were filed, whereas all of such matters were issues in the case; that evidence had been heard thereon before the auditor, and the auditor had considered the case and made his report of findings on said issues. This judgment was also excepted to on the ground that McCollum was proceeding for a general accounting between him and Loveless, and that the item represented by the $3000 note payable to "Sarah J. Mosby estate" could not be withdrawn from the issues after evidence had been heard thereon, and after the auditor had made his report with reference to the same. The judgment was also excepted to on the ground that the title to the property conveyed by McCollum to "Sarah J. Mosby estate" was in him, and that he was entitled to all the rents collected therefrom, and "that the amount added by the court ($1008.72) to the balance as found by the auditor, should not have been so added, but that the plaintiff should have been credited with that amount as found by the auditor." (Note: It appears elsewhere from the record that the court found that the amount due by McCollum to Loveless was $1742.24, and that the auditor had found that this indebtedness was $736.52.) There was also introduced a copy of headnotes 3 and 4, with the citations of authorities appearing therein omitted, of the case of *McCollum* v. *Loveless,* 185 *Ga.* 748 (196 S. E. 430). (Reference is here made to the report of that decision.) There also appears in evidence the judgment of the superior court making the judgment of the Supreme Court in the case above cited the judgment of the superior court, which judgment appears in the defendant's plea of res judicata.

After the introduction of the above evidence the court directed

a verdict for the defendant on the plea of res judicata. The plaintiff excepted directly to the judgments overruling the motion to disallow the plea and the demurrer to the plea, and to the direction of a verdict thereon. The Court of Appeals, by certified questions, requested instructions from the Supreme Court on the question whether such writ of error should be dismissed because the exception therein to the verdict and judgment in favor of the defendant on the plea of res judicata was not based on a final judgment. The Supreme Court answered such questions by saying that it was not a final judgment (189 *Ga.* 219, 5 S. E. 2d, 582), and the Court of Appeals, in conformity therewith, dismissed the writ of error with direction that the official copy of the bill of exceptions of file in the office of the clerk of the trial court be treated as exceptions pendente lite. *Loveless* v. *McCollum,* 61 *Ga. App.* 167 (5 S. E. 2d, 921). Thereupon, on June 6, 1940, the judge entered up a judgment in the case as follows: "Judgment is hereby rendered by this court sustaining the defendant's plea of res adjudicata and dismissing the plaintiff's petition in the case of F. M. Loveless vs. Jno. W. McCollum, No. 7416 in said court, and final judgment is hereby rendered in said case in favor of the defendant and against the plaintiff for costs of suit." The plaintiff excepted directly, assigning error on the exceptions pendente lite, and also on the above judgment on the ground that it was contrary to law, without evidence to support it, was against the weight of the evidence and the principles of equity and justice, and on the ground that the court should have stricken the plea of the defendant because it was not good as a plea in abatement in that it had not been filed in time, and was not good as a plea of res judicata because it did not show that issues relating to the note sued on had been actually adjudicated or disposed of in the case in Fulton superior court. The present bill of exceptions names Lillian Carten, as administratrix of John W. McCollum, as the defendant in error.

A plea of res judicata, being in the nature of a plea in bar, is not a dilatory plea, and it is not necessary that it should be filed at the first term. *Hill* v. *Cox,* 151 *Ga.* 599 (107 S. E. 850). The court did not err in overruling the motion to strike the plea on the ground that it was filed after the first term of court.

It is essential that a plea of res judicata, or of estoppel by judgment, should show some final judgment in the former litigation

which amounted to an adjudication of the matters involved in the pending suit. Mere preliminary orders or judgments, such as sustaining or overruling exceptions to an auditor's report, are not final judgments which can be pleaded as res judicata or estoppel by judgment in a pending suit. The mere fact that the note sued on "was an issue, and was introduced in evidence before said auditor in said former action," as alleged in the defendant's plea, is not sufficient to show that the liabilities of the parties on the note were adjudicated in the former suit. The allegation that the note was an "issue" is vague and uncertain. The only judgments relied on in the plea as being res judicata of the plaintiff's right to recover are the judgment of the superior court on the exceptions of law to the auditor's report, which is not a final judgment, and the judgment of the superior court putting into effect the judgment of the Supreme Court in the case in which the Supreme Court reviewed the judgment in the former suit. This is not the entire final judgment in that case. The final judgment or decree in the former suit is not set out in the plea. The plea, however, alleges generally in effect that the rights of the parties under the note sued on were adjudicated in the former suit. The plea therefore is good against the general demurrer that it does not appear in the plea that the note sued on "had been actually adjudicated or disposed of" in the former suit. The allegation in the plea that the note was an issue on the former trial and was put in evidence before the auditor in the former suit, was not good against the demurrer interposed. The court erred in overruling this ground of the demurrer, but did not err in overruling the other gounds.

Nowhere in the record, either in the defendant's plea or in the evidence, does there appear any final judgment of the superior court in the suit of *McCollum* v. *Loveless,* adjudicating the matter in the present case, other than the judgment of the superior court putting into effect the judgment of the Supreme Court entered on a review of the judgment in the case of *McCollum* v. *Loveless.* Other than the judgment of the superior court on exceptions to the auditor's report, and this judgment putting into effect the judgment of the Supreme Court, there appears no final judgment of the court in the former case adjudicating any rights between the parties. There necessarily must have been a final judgment constituting the

basis for a bill of exceptions to the Supreme Court of Georgia in that case. The judgment of the superior court putting into effect the judgment of the Supreme Court does not purport to be exhaustive of the findings and judgments of the court in that case. It expressly refers to "the judgment heretofore rendered." It appears, however, that the judgment as finally rendered which was in favor of Loveless against McCollum was in an amount from which was excluded the $3000 and interest represented by the Mosby note. It was adjudged in this final adjudication that this note constituted a "valid negotiable paper." This was an adjudication that this note was invalid as payable to "Sarah J. Mosby estate," but was valid as one payable to bearer. It appears therefore that while in this judgment the Mosby note was adjudicated as a "valid negotiable instrument," the indebtedness due by McCollum to Loveless as represented by this note was excluded from consideration in balancing the accounts between the parties. This appears from the calculations made in arriving at the amount of the judgment. There was no judgment determining the question of liability on the note. It also appears that any consideration as to any liability which might be due on the Mosby note was expressly, by order of the court in passing on the auditor's report, eliminated from the case. The court in this order provided as follows: "It is adjudged by the court that defendant's [Loveless's] rights and title in said note [the Mosby note] are not dealt with in this proceeding, but are eliminated from same without an adjudication with reference thereto. It follows that the rents collected by the defendant from the property involved in the deed given to secure the $3000 note should not be credited to other obligations of the plaintiff, but left open for an adjudication hereafter, if proceedings to that end should be instituted. The pleadings in the present case do not present the matter in proper form for an adjudication now."

It does not appear that this order of the court eliminating from the case any question as to the liability on the Mosby note was ever modified or revoked. Therefore the adjudication in this order appears to be the law of the case that there was in that case no action to recover on the Mosby note. The mere fact that the note sued on was considered, not only by the auditor in the former suit, but by the court, in so far as any question was presented as to its validity by not being made payable to an existing person, but to a fictitious

person, where it appears expressly that the court eliminated from the case any consideration of liability on the note, and where the judgment on the accounting excluded any consideration of the indebtedness represented by the note is insufficient to establish as a fact that the liability of the parties under the note was actually adjudicated in that case. There appears nowhere from the record any judgment in the former suit determining and adjudicating the question of liability between the parties on the note which is the subject-matter of the present suit.

Assuming that under McCollum's petition, Loveless's answer or his cross-bill in the former litigation, a suit or action on the Mosby note was presented, the order of the court eliminated from the case any action on that note. The dismissal, with the approval of the court by order, of Loveless's cross-bill, in which he sought a judgment on the note, certainly eliminated from that case any action on the note in so far as such may have been contained in the cross-bill. After the elimination order, in the former case, there remained only a suit as to matters other than those respecting the rights of the parties under the Mosby note. In the former litigation, as construed and limited by the order of the court, there was contained no suit or cause of action on the note.

The present case is a suit to recover on that note. The former litigation was on a different cause of action from that in the present case. As the former litigation was on a different cause of action, and as the rights of the parties under the Mosby note were, as a matter of fact, not passed on or adjudicated in the former case, the judgment in that case is not res judicata of the rights of the parties in the present case. *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260) ; *Sumner* v. *Sumner,* 186 *Ga.* 390 (197 S. E. 833) ; Code, §§ 3-607, 110-501, 110-503; 34 C. J. 761; 15 R. C. L. 976, 977, 994. In *Camp* v. *Lindsay,* 176 *Ga.* 438 (168 S. E. 284), the matter in the suit there pending had been actually litigated in the former suit. In *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650), it was held that where the two suits were on different causes of action it was necessary that the matter in the then pending suit had been *actually litigated* in the former suit. In *Fowler* v. *Davis,* 1 *Ga. App.* 549 (57 S. E. 939), which was a suit on a note where the defendant pleaded a judgment in a former suit between the same parties which, as in the case

now before the court, was a suit for an accounting, it appeared that the rights of the parties under the note sued on were within the scope of the pleadings in the former suit. There the causes of action were the same in each case, and it also appeared that the note there sued on was introduced in evidence and the amount due on the note was allowed in the accounting between the parties. The causes of action were not only the same, but the matter in the then pending suit had been actually adjudicated in the former suit. That case is not authority for the proposition that the mere tendering in evidence in the former suit of the note sued on in the later suit, and its consideration in the former suit by the auditor, established the fact that the matter as to the rights of the parties respecting liability under the note was adjudicated in the former suit.

Under the law, the evidence failed to support the plea of res judicata, and the verdict for the defendant on this plea was not authorized. It was error for the court to overrule the demurrer to the plea and to direct a verdict for the defendant.

*Judgment reversed. Sutton and Felton, JJ., concur.*