GAMBLE, administrator, *v.* GAMBLE *et al.*

No. 16191. MAY 14, 1948. REHEARING DENIED JUNE 18, JULY 16, 1948.

*Robert B. Blackburn,* for plaintiff.

*Powell, Goldstein, Frazer & Murphy, Newell Edenfield,* and *James K. Rankin,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first question for decision is whether the trial court erred in overruling a demurrer that was interposed by the petitioner to the amended answer, setting up a plea of res judicata. The grounds of demurrer were in substance: The facts set forth in the tendered amendment affirmatively show that the matter of defense as therein set forth, if existent, must have been set forth as a special plea, and such plea must have been filed at the first term of court to which the original petition was made returnable; the parties plaintiff and the parties defendant in the former suit and those in the pending suit are not the same; the causes of action, the subject-matter, and the issues raised by the pleadings in the two suits, are not the same; and the merits of the former suit were not passed upon.

"Dilatory pleas, which are required to be filed at the first term, 'are those which do not answer the general right of the plaintiff, either by denial or in confession and avoidance, but assert matter tending to defeat the particular action by resisting the plaintiff's present right of recovery.' A plea of res adjudicata, if sustained, is conclusive that the plaintiff can not recover at all as to the matters which have been previously adjudicated between the same parties by a court of competent jurisdiction. Such plea if sustained is a bar to recovery, and is not a mere dilatory plea, and may be filed at the trial term of court." *Hill* v. *Cox,* 151 *Ga.* 599 (2) (107 S. E. 850). See also *Stevens* v. *Stembridge,* 104 *Ga.* 619 (1) (31 S. E. 413).

The former suit was brought by heirs at law of the intestate, while the present action is brought by an administrator de bonis non suing for the benefit of the above heirs at law. So far as appears from the pleadings, there were no debts due or owing by the intestate, and it appears that the administrator de bonis non is representing the same heirs who lost the

first suit. "A recovery by or against the heirs at law, may be pleaded in bar to a suit brought by the administrator of the estate for their benefit, there being no debts due or owing by the intestate." *Hardaway* v. *Drummond,* 27 *Ga.* 221 (73 Am. D. 730); *Gunn* v. *James,* 120 *Ga.* 482 (1) (48 S. E. 148); *Willingham* v. *Watson,* 165 *Ga.* 870, 872 (142 S. E. 458); *Milner* v. *Allgood,* 184 *Ga.* 288 (2) (191 S. E. 132).

The real defendant in the former case and in the present case was and is R. J. Gamble. In both cases it was he who claimed the property and he who was in possession. He was the grantee in the deed alleged to have been forged, and it was he who was charged with the forgery. It was his demurrer which brought the first proceeding to an end. While in the first suit he was joined with the former administratrix and Northwest Atlanta Bank, and in the second suit with his wife, still it appears that he was the only real party at interest in the two suits, and the only defendant who stood to gain or lose by their outcome. "While, in the language of the statute, in the defense of res judicata the subject-matter in issue in the former suit must have been between the 'same parties,' it is not required that all the parties on the respective sides of the litigation in the two cases shall have been identical, but it is sufficient as to identity of parties if those by and against whom the defense of res judicata is invoked in the latter case were real parties at interest or privies as to the controversy in the former case." *Darling Stores Corp.* v. *Beatus,* 199 *Ga.* 215 (3) (33 S. E. 2d, 701), and cases cited.

For one judgment to bar another, the causes of action must be the same. For a determination of such question, it is necessary to examine the subject-matter and the issues as raised by the pleadings in the two cases. In the former case and in the present case there are technical differences in the prayers, but the substantive allegations of fact in the two cases are almost identical. In the first suit, it was alleged in part: that W. J. Gamble died in 1926, and that his widow duly qualified as administratrix of his estate; that application was made for leave to sell certain property; that this application was a forgery; that there was actually no sale of the property; and that the deed from the administratrix to R. J. Gamble reciting such a sale was also a forgery. The prayers were for a receiver, ac-

counting, injunction, cancellation of the deed from the administratrix to R. J. Gamble, and general relief. Each of these allegations except the prayers is repeated in the present petition in substantially the same language. The application for leave to sell and the deed sought to be canceled are the same in both cases. The property described in the application and in the deed is the identical property in both cases. The prayers of the two suits, though different in form, are the same in substance, for both have as their object the recovery of the same property, though each would have accomplished this result by different means. Thus the prayers of the first suit were for an accounting and a receiver, whereas the second suit prayed that the property be turned over to the petitioner as administrator de bonis non for purposes of distribution. If a receiver had been appointed on the first petition, he would have been in effect no more than a substitute administrator, and in any event the plaintiff heirs would have held the property in question solely for purposes of distribution. It follows that the causes of action in the two cases were the same.

If the demurrer that was sustained in the former suit went to the merits of the case, it may be relied on under a plea of res judicata. Code, § 110-504. The demurrer in the former case was based on the statute of limitations, and one ground of the present demurrer is that the merits and issues of the former suit were not passed upon. In United States v. Oregon Lumber Co., 260 U. S. 290 (43 Sup. Ct. 100, 67 L. ed. 261), it was said: "Where the Government sued to annul land patents upon the ground of fraud, and persisted in the suit after the defendant had pleaded in bar the statute of limitations applicable to such cases, and the plea was sustained and the bill dismissed, held that the Government had elected its remedy, and therefore could not afterwards maintain an action at law to recover damages for the fraud." In holding that the second suit was barred, it was said in the opinion: "In Parkes v. Clift, 9 Lea (Tenn.) 524, it was held that a decree dismissing a bill on the ground of lapse of time was a judgment upon the merits. The court said (pp. 531, 532): 'In order that a judgment or decree should be on the merits, it is not necessary that the litigation should be determined on the merits, in the moral or abstract sense of these

words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases. . . A finding against a party, either upon final hearing or demurrer, that his cause of action as shown by him, is barred by the statute of limitations or by laches is a decision upon the merits, concluding the right of action.' See also People ex rel. Best *v.* Preston, 62 Hun, 185, 188-189; Black *v.* Miller, 75 Mich. 323, 329."

Applying the above principles, the trial court did not err in overruling the demurrer that was interposed to the defendants' amended answer setting up a plea of res judicata.

■ When the case came on for trial, counsel for the defendants moved that the defense of res judicata be tried before any other issue. Counsel for the plaintiff administrator de bonis non objected on the grounds, that there was no special plea involved in the case; that there was an amendment to the answer of the defendants to the original petition, containing among others a defense that the pending suit was barred, but this defense could not be heard separate from the other defenses, because it was a part of the general issue; and that, if the defendants had attempted to file a special plea, the same should have been filed at the first term of the court.

The first special ground of the amended motion for new trial complains that the judgment, overruling the above objections of the plaintiff and ordering the defense of res judicata to be tried before other issues were considered, was contrary to law.

"In all cases demurrer, pleas, and answer shall be disposed of in the order named." Code, § 81-1002. Other contentions insisted upon in this special ground of the motion for new trial are similar to questions which were raised by demurrer, and which were decided adversely to the plaintiff administrator de bonis non in the first division of this opinion.

■ The defendants introduced in evidence a copy of the record in the former case, consisting of pleadings with various exhibits thereto and judgments that were rendered in that case, together with a certified copy of the opinion of the Supreme Court.

The second special ground complains that the order overruling the plaintiff's objections to each of the above pieces of documentary evidence was contrary to law.

The record in the former case was relevant and material on the issue of res judicata, and the trial court did not err for any reason assigned in overruling the objections and in admitting the documentary evidence.

■ At the conclusion of the evidence, counsel for the defendants moved the court to direct a verdict sustaining the plea of res judicata. Counsel for the plaintiff objected on the ground that there had been no foundation laid by any of the evidence tendered to support the plea of res judicata, or sufficient to establish any defense. The court overruled the objections and directed a verdict upon the plea of res judicata. The third special ground complains that this judgment was without evidence to support it, and contrary to law.

In the present case the similiarity of names to those in the former case raised a presumption of identity, which it became incumbent on the plaintiff to rebut. Furthermore, in the present case the plaintiff filed sworn amendments, in which he affirmatively alleged that the issues relating to the validity of the deed from Mrs. Mattie E. Gamble as administratrix to R. J. Gamble were substantially the same in both suits, and that R. J. Gamble was a substantial defendant in the former suit and is a substantial defendant in the suit now pending. In these circumstances the introduction of parol evidence as to the identity of the causes of action and the parties was unnecessary.

"Under the doctrine of res judicata, 'a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.'" Code, § 110-501; *Sumner* v. *Sumner*, 186 *Ga.* 390 (2) (197 S. E. 833).

It having been held in the first division of this opinion that the causes of action in the two cases were the same, and that the merits in the former case were passed upon, it necessarily follows that the trial court did not err in directing a verdict for the defendants upon their plea of res judicata, or in overruling the plaintiff's amended motion for new trial.

*Judgment affirmed. All the Justices concur.*