41844. BAILEY v. SMITH, by Next Friend.

PANNELL, Judge. 1. A petition on general demurrer must be construed most strongly against the pleader (*Georgia Cas. &c. Co. v. Hardwick*, 211 Ga. 709 (88 SE2d 394), *Davis v. Johnson*, 92 Ga. App. 858 (90 SE2d 426)), and ambiguous pleading is construed unfavorably to the pleader (*Baggett v. Edwards*, 126 Ga. 463 (1) (55 SE 250); *Holbrook v. Town of Norcross*, 121 Ga. 319 (1) (48 SE 922)), and pleadings which are equivocal, doubtful and subject to different interpretations are construed most strongly against the pleader on demurrer (*Richmond Concrete Products Co. v. Ward*, 212 Ga. 773 (95 SE2d 677)); however, all pleadings must receive a construction in accordance with the natural intendment of the words and language used. *Athens Mfg. Co. v. Rucker*, 80 Ga. 291 (4 SE 885); *Bell v. State Life Ins. Co.*, 24 Ga. App. 497 (5) (101 SE 541); *Georgia Power Co. v. Leonard*, 187 Ga. 608, 614 (4) (1 SE2d 579).

2. Accordingly, where in a petition by a guest passenger in a following automobile against the driver of that automobile

and the driver of the lead automobile (seeking recovery for injuries received as the result of a collision between the following automobile, allegedly driven too fast and too close and the other automobile which it is alleged suddenly slowed and made a left turn without a signal or warning), there are otherwise sufficient allegations of negligence and proximate cause to set forth a cause of action against both drivers, an allegation that the plaintiff warned the driver of the following car of the impending left turn of the lead car, which warning he did not heed, and that if he had he could have slowed his speed *"and thus reduced the force of the collision,"* (emphasis supplied) is not subject to the construction that it is an allegation that the driver of the following car, had he heeded the warning, could have avoided the collision so as to make his negligence the sole proximate cause of the injuries to the plaintiff. The trial court did not err in overruling the general demurrer of the defendant driver of the lead car to the petition as amended.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

ARGUED MARCH 7, 1966—DECIDED MAY 11, 1966—
REHEARING DENIED MAY 20, 1966.

*Richter & Birdsong, A. W. Birdsong, Jr.,* for appellant.
*Trotter & Duncan, Thurman E. Duncan,* for appellee.