## 42746. CROW et al. v. MOTHERS BEAUTIFUL COMPANY, INC.

HALL, Judge. This appeal is from an order of the trial court sustaining a demurrer and motion to strike the defendants' special plea to the plaintiff's petition. The suit below is based upon a lease contract between the parties and seeks damages

upon an alleged breach of the lease contract relating to the duty to keep the premises in repair. The defendants' plea alleged that they had previously sued the plaintiff on the identical contract in litigation in the instant case and obtained a default judgment and that the previous suit was for breach of provisions of the lease contract relating to the payment of rent; and alleged (and showed by attaching to its plea a copy of the record) that the plaintiff unsuccessfully attempted to have the default judgment set aside and to plead as a counterclaim to that suit the same cause of action that is alleged in this petition, and did not appeal from the court's judgment denying their motion to set aside the default judgment.

We are not concerned with the label a pleader fastens upon any proceeding. The court will look to the substance of the plea. *Chance v. Planters &c. Co-operative,* 219 Ga. 1, 5 (131 SE2d 541) ; *Chambliss v. Hall,* 113 Ga. App. 96, 97 (147 SE2d 334).

The trial court relies in its order upon *Buie v. Waters,* 209 Ga. 608 (74 SE2d 883) which held that: "A former recovery on grounds purely technical, and where the merits were not and could not have been in question, is not a bar to a subsequent action brought so as to avoid the objection fatal to the first." A default judgment is awarded not on grounds purely technical but upon the merits. Whether the plaintiff's present suit is barred by its unsuccessful effort in the previous suit to set aside the default judgment and plead the same cause of action as an affirmative defense depends upon whether or not that attempted defense was compulsory or permissive.

Setoff is not compulsory and a "defendant may elect between (a) bringing a separate suit for his demand, or (b) setting it off against the plaintiff's." Georgia Procedure and Practice 288, § 12-12.4; *Security Ins. Co. v. Eakin,* 41 Ga. App. 257, 261 (152 SE 606) ; *Jones v. Schacter,* 29 Ga. App. 132 (3) (114 SE 59) ; *Newsome v. Smith,* 25 Ga. App. 148 (102 SE 841). However, this court recently held that recoupment is compulsory and that a former judgment will be conclusive not only with respect to matters actually litigated therein between the parties, but also as to all matters which should have been put in issue. *Williams v. Metropolitan Home Improvement Co.,* 110 Ga. App. 770 (140 SE2d 56). Accord *Chappell v. F. A. D. Andrea, Inc.,* 47 Ga. App. 816 (171 SE 582). The rationale of the *Williams* case is that "Recoup-

ment differs from a setoff in this: The former is confined to the contract on which plaintiff sues, while the latter includes all mutual debts and liabilities." *Code* § 20-1312. The test of recoupment is whether the matter arises out of the same contract. *Mell v. Moony*, 30 Ga. 413.

Since the plaintiff's petition in this case alleges the same cause of action that it should have pled as an affirmative defense in a previous suit which arose out of the same identical contract and upon which a judgment was rendered upon the merits, the trial court erred in sustaining a demurrer and motion to strike the defendants' special plea to the plaintiff's petition.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED MAY 2, 1967—DECIDED MAY 19, 1967.

*Hansell, Post, Brandon & Dorsey, Jule W. Felton, Jr., Ellis C. Hooper,* for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Malcolm H. Ringel, Donald A. Weissman,* for appellee.