43448. CARMACK v. OGLETHORPE COMPANY.

DEEN, Judge. 1. Where the plaintiff is nonsuited and files a timely appeal from that judgment which is affirmed by the appellate court, he may, within 6 months of the date of affirmance, recommence his action upon complying with the

conditions imposed by *Code* § 3-808. *Central of Ga. R. Co. v. Macon R. &c. Co.*, 140 Ga. 309 (2) (78 SE 931). Where, on the other hand, after a judgment of nonsuit the plaintiff attempts an abortive appeal which is dismissed by the appellate court because it does not meet the statutory requirements, such attempt will not toll the statute of limitation, and the new action must be recommenced within six months of the judgment of nonsuit. *Southern Bell Tel. & Tel. Co. v. Freeman*, 22 Ga. App. 166 (2) (95 SE 740).

2. "Of course, it is elementary that the substance and not mere nomenclature controls in determining the nature of pleadings. *Girtman v. Girtman*, 191 Ga. 173, 180 (11 SE2d 782); *Waller v. Morris*, 78 Ga. App. 821, 822 (52 SE2d 583); *Ga. Marine Salvage Co. v. Merritt*, 82 Ga. App. 111, 116 (60 SE2d 419)." *Chance v. Planters Rural Tel. Co-op.*, 219 Ga. 1, 5 (131 SE2d 541). "We are not concerned with the label a pleader fastens upon any proceedings. The court will look to the substance of the plea." *Crow v. Mothers Beautiful Co.*, 115 Ga. App. 747, 748 (156 SE2d 193); *Chambliss v. Hall*, 113 Ga. App. 96, 97 (147 SE2d 334); *Smith v. McMichael*, 203 Ga. 74 (5) (45 SE2d 431).

3. Applying the foregoing law to the facts of this case, where it appears that this plaintiff was nonsuited on September 20, 1965, and that an abortive appeal attempted to be taken from that judgment was dismissed for failure to prepare a transcript of evidence (see *Oglethorpe Co. v. Carmack*, 223 Ga. 128 (153 SE2d 541), conformed to in *Carmack v. Oglethorpe Co.*, 115 Ga. App. 368 (154 SE2d 743)), and that the present action was not brought until March 15, 1967, more than six months after the judgment of nonsuit, and after the statute of limitation had run on the cause of action, this action was filed too late. The trial court sustained a plea denominated a plea in abatement (which as such would be insufficient because not filed within 30 days after the service of the petition) but which was really a plea in bar because it alleged: "No proper appeal was perfected from the judgment of DeKalb Superior Court, dated September 20, 1965, granting the defendant's motion for nonsuit, and that judgment, therefore, stands as the law of this case and as a final adjudication of the plaintiff's cause of action." There was also a prayer that the defendant be discharged with costs on the plaintiff. Since it raised the issue that the judgment of nonsuit had become a

final determination of the case, it was in bar of the action and was not required to be filed at the first term. *Gamble v. Gamble,* 204 Ga. 82, 86 (48 SE2d 540) ; *Krasner v. O'Dell,* 89 Ga. App. 718 (3, 4) (80 SE2d 852) ; *Loveless v. Carten,* 64 Ga. App. 54 (1) (12 SE2d 175).

The trial court's order sustaining the plea recites that it was entered after hearing evidence. The plaintiff's amended petition and affirmative answers to the defendant's request for admissions establish that there is no controversy as to the facts.

The trial court did not err in overruling the motion to strike the plea and in thereafter sustaining it and dismissing the action.

*Judgment affirmed. Felton, C. J., Bell, P. J., Jordan, P. J., Hall, Eberhardt and Quillian, JJ., concur. Pannell and Whitman, JJ., dissent.*

ARGUED FEBRUARY 7, 1968—DECIDED APRIL 22, 1968.

*E. T. Hendon, Jr.,* for appellant.

*Eugene G. Partain, Richard H. Vincent, Jack M. McLaughlin,* for appellee.

PANNELL, Judge, dissenting. I disagree with the majority (a) in construing the plea in abatement to be a plea of res judicata so as to preclude its dismissal because of a late filing; (b) in ruling that the trial judge was correct in sustaining the plea as a plea of res judicata when absolutely no evidence was introduced in support thereof; (c) in ruling that a prior judgment of nonsuit is res judicata as to, and requires a dismissal of, a subsequent suit brought on the same cause of action prior to the introduction of any evidence upon the trial of the case or the introduction of any evidence upon a motion for summary judgment to which the judgment of nonsuit may be applied; and (d) in ruling that the second suit was filed too late and is barred by the statute of limitation when that question was raised only by demurrer to the petition which has not been ruled upon by the trial judge and is not raised on appeal.

In my opinion, the majority of this court has strayed far afield from the record, the pleadings, and the law in this case in an

effort to dispose of it by construing as a plea of res judicata a plea in abatement (based upon nonpayment of costs in a prior action dismissed on nonsuit) and in sustaining this supposed plea of res judicata as a sufficient and timely pleading, and as sufficiently proved at a hearing had thereon, and in order to so sustain it, ruling that the second suit was barred by the statute of limitation when this latter question was not before us on the appeal.

There is a plea of res judicata on file in the case and even though a determination favorable to the plea might end this litigation, this court is not a court of original jurisdiction, and until that plea is disposed of in the lower court in some manner or by some ruling the trial judge made thereon, we cannot do anything about it here. Nor do I think it proper that we misconstrue another plea in order to reach this question so as to finally dispose of the case as is done by the majority. A history of, and a proper consideration of, the pleadings in the present case, and a consideration of the evidence adduced at the hearing on the merits of the plea involved will disclose the magnitude of the error.

(a) The present action was brought on March 15, 1967, seeking damages for tortious injuries sustained by the plaintiff on June 16, 1962. The defendant, after the time was extended, and on May 15, 1967, filed demurrers, an answer, and a plea of res judicata. The plea of res judicata had attached thereto copies of a previous suit between the same parties based upon the same cause of action showing that a nonsuit was granted, and an appeal to this court therefrom where it was dismissed for failure to perfect the appeal and alleging that this was "a full and final adjudication of the cause of action sued upon." This plea of res judicata has never been heard or passed upon in the lower court. The demurrer in the present case raised the question that the petition showed -on its face that the present suit was barred by the statute of limitation. The demurrer has not been ruled on. However, in order to meet this demurrer, the petition was amended on May 18, 1967, to show the history of the prior case, and to present the plaintiff's contention that the present case, having been re-brought within six months of

the dismissal of the appeal of the prior case, was not barred by the statute of limitation. On July 12, 1967, the following plea, denominated a plea in abatement, was filed by the defendant (this is the plea which is the crux of the decision in this case): "Now comes the defendant in the above styled case, following the amendment to the plaintiff's petition, and files this its plea in abatement and shows to the court as follows:

"1. A judgment was rendered on the 20th day of September, 1965, in the DeKalb Superior Court sustaining the defendant's motion for nonsuit, on the same cause of action and between the same parties as in the above styled cause, said court having jurisdiction of said matter.

"2. A copy of the pleadings and the above mentioned judgment in said case is attached as Exhibit 'A' to the defendant's plea of res judicata, heretofore filed, and it is hereby incorporated by reference as part of this pleading.

"3. An appeal from the judgment referred to in paragraph 1 was taken by the plaintiff, and by order of the Court of Appeals of Georgia, dated March 10, 1967, the said appeal was dismissed. A copy of said order is attached as Exhibit 'B' to the defendant's plea of res judicata, heretofore filed, and it is hereby incorporated by reference as part of this pleading.

"4. *The court costs in the case referred to above were not paid prior to the filing of the present lawsuit, as required by Ga. Code of 1933, Section 3-508.*

"5. No proper appeal was perfected from the judgment of DeKalb Superior Court, dated September 20, 1965, granting the defendant's motion for nonsuit, and that judgment therefore, stands as the law of this case and as a final adjudication of the plaintiff's cause of action.

"Wherefore, the defendant prays that the present suit abate, that it be discharged and that the cost of this action be cast upon the plaintiff."

The plaintiff made a motion to strike the "plea in abatement" on the ground that it was not filed within time as required by *Code* § 81-301 as amended. On September 7, 1967, the trial judge overruled the motion to strike the "plea in abatement." A hearing was had on the plea in abatement and the only evidence intro-

duced related to the question of whether or not the court costs in the prior suit had been paid, which evidence showed conclusively that the court costs had not been paid, and the trial judge on November 2, 1967, sustained the "plea in abatement" and dismissed the plaintiff's petition. The only enumerations of error filed in the appeal to this court are as follows:

"1. Paragraph (3) of the order dated September 7, 1967, which reads as follows: 'The plaintiff's motion to strike plea in abatement is hereby overruled.'

"2. The order of court dated November 2nd, 1967, sustaining the defendant's plea in abatement and dismissing plaintiff's petition."

Even should I assume, for the sake of argument, that the fifth paragraph of the plea-in abatement, and possibly other paragraphs therein, might be appropriate to have been included in a plea of res judicata, this does not make the plea a plea of res judicata, as the plea also contains matter (see Paragraph 4 of the plea italicized above) appropriate for a plea in abatement because of failure to pay court costs in the prior suit before bringing the present one, and the only prayer prays that the present suit abate and that the defendant be discharged with costs against the plaintiff. The majority opinion considers only Paragraph 5 of the plea and makes no reference to Paragraph 4 or the contents thereof, and completely ignores that portion of the one-sentence prayer that the "present suit abate," but refers only to that portion of the prayer which *they* contend to be consistent only with a plea of res judicata. Where a pleading contains allegations appropriate to two types of relief, but prays only for one, the pleading will be construed in accordance with the prayer. See *Steed v. Savage,* 115 Ga. 97 (2) (41 SE 272); *Bernstein v. Fagelson,* 166 Ga. 281, 287 (142 SE 862); *Jones v. Lawman,* 184 Ga. 25 (190 SE 607); *Jasper School Dist. v. Gormley,* 184 Ga. 756, 761 (193 SE 248). And since there is a motion to strike this plea on the grounds that as a plea in abatement it is filed too late, it should, if it is equivocal, doubtful, and subject to different interpretations be construed more strongly against the pleader. See *Bailey v. Smith,* 113 Ga. App. 704 (149 SE2d 497).

The majority opinion, upon its face, appears perfectly logical and appears at first glance to have properly applied the applicable law to the facts recited therein, yet when viewed in the light of the additional facts disclosed by the record, the transcript, and the plea itself, the untenability of the construction placed upon the plea becomes apparent. I therefore reach the conclusion that both the parties in the court below and the trial judge properly treated the plea as a plea in abatement.

The plea, being a plea in abatement, therefore, requires application of entirely different rules in solving and answering the questions posed by the enumerations of error. In my opinion, the proper solution would be as follows:

1. The objection that an action is prematurely brought, unless the defect appears on the face of the pleading, can be raised only by a timely, formal, verified plea in abatement. *Gate City Fire Ins. Co. v. Thornton,* 5 Ga. App. 585 (63 SE 638); *Andrews Co. v. Dorsett,* 29 Ga. App. 321 (115 SE 772).

2. All dilatory pleas, such as a plea in abatement, must be filed on or before the time stated in the process as the appearance day (*Code* § 81-403) or within the time for filing as extended by a proper order of court.

3. While an amendment to a petition which materially changes the cause of action opens the petition as amended to demurrer or plea and a reasonable time shall be allowed for the filing thereof (*Code* § 81-1312), and while this code section would cover a case where the material amendment filed subjected the petition to special pleas, the time for the filing of which had expired (*Henry & Hutchinson v. Slack,* 96 Ga. App. 56, 64 (2) (99 SE2d 465)) yet where the petition as originally filed was subject to the plea in abatement, the late filing of the plea in abatement cannot be justified or excused under *Code* § 81-1312.

4. Where, as in the present case, the appearance day was April 17, 1967, which was extended by order of court until May 17, 1967, and on May 15, 1967, the defendant filed demurrers raising the question of the statute of limitation, an answer, and a plea of res judicata based upon dismissal of a prior suit, and on May 18, 1967, plaintiff amended her petition to show that such prior suit had been dismissed on motion for nonsuit so as to toll the

statute of limitation, such amendment did not for the first time subject the petition to a plea in abatement based upon nonpayment of court costs in the first suit prior to bringing the present one. Accordingly, the trial court erred in overruling the motion to strike the plea in abatement which was filed July 12, 1967, because of its late filing, and in thereafter, at a hearing, sustaining the plea in abatement and dismissing the petition.

(b) Assuming, however, that the plea denominated a plea in abatement is actually a plea of res judicata, I would still have to disagree with the conclusion reached by the majority. This for the reason that at the hearing had upon the plea the only evidence introduced was on the question of whether or not the court costs in the prior suit had been paid. There was not a line or shred of evidence, such as certified copies of the pleadings and judgments, presented to the trial judge or introduced into evidence at the hearing, so it would follow that even though the trial judge might have erred had he dismissed the plea (if a plea of res judicata), he must certainly have erred in sustaining it in the absence of any proof of the allegations therein contained. It is true that the real plea of res judicata (which was never heard) had attached thereto *alleged* copies of the required pleadings and judgments but no certified copies of such pleadings and judgments were introduced into evidence. It is also true that admissions were sought and obtained from the plaintiff relating to the prior suit and judgments, but none of this was introduced into evidence or presented to the trial judge.

(c) However, even if such evidence had been introduced, it would not have supported a plea of res judicata, but would have only supported a plea of the statute of limitation. The prior judgment adjudicated only that the evidence adduced on the trial of the first case did not prove the case as laid in the petition and until this case reaches that stage of proof, no plea of res judicata based upon such judgment is sustainable.

(d) The majority, of course, have passed upon the question and ruled upon the question of the statute of limitation by holding that the second suit was filed too late, that is, not within the six months provided by *Code* § 3-808. There is a demurrer to the amended petition which raises this question. That demurrer

has not been ruled upon and is not before this court for decision and the majority opinion has failed completely to disclose in what manner the question is presented on this appeal or how the purported plea of res judicata involves the statute of limitation. The judgment should be reversed.

I am authorized to state that Judge Whitman concurs in this dissent.